James R. KINCADE, Petitioner–
Appellant,

v.

Emmitt L. SPARKMAN, Warden;
Commonwealth of Kentucky,
Respondents–Appellees.

No. 96–5842.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 28, 1999.

Decided April 28, 1999.

Eric M. Jaegers, Louisville, Kentucky, James R. Kincade (briefed), Pineville, Kentucky, pro se, for Petitioner–Appellant.

Dina A. Jones, Asst. Atty. Gen. (briefed), Office of the Attorney General, Criminal Appellate Division, Frankfort, Kentucky, for Respondents–Appellees.

Before: MERRITT, GUY, and MOORE, Circuit Judges.

MERRITT, Circuit Judge.

James R. Kincade, a Kentucky state prisoner, appeals pro se a district court judgment dismissing his petition for a writ of habeas corpus. In 1991, a jury convicted Kincade of first degree burglary and of being a first degree persistent felony offender, and he was sentenced to twenty-five years imprisonment. After unsuccessfully pursuing state court remedies, he filed this petition for federal habeas corpus relief.

The primary evidence against Kincade was the testimony of Ronald Burgin, an accomplice in the burglary. Burgin agreed to testify against the defendant in exchange for dismissal of nine other burglary charges. He testified that he and Kincade were the only persons involved in the burglary, but his testimony was inconsistent with testimony of Detective Claude Owen, who said that Burgin had told him that David Thompson was also involved in the burglary. During the week before Kincade's trial, Thompson pled guilty to this same offense but did not inculpate Kincade.

Although Kincade argues that the failure to disclose information concerning Thompson's guilty plea constituted improper prosecutorial conduct, his primary claim before us is that in closing argument, the prosecutor engaged in improper argument by insisting repeatedly that Kincade had committed other burglaries in the area:

> He knows what he's doing. *The guy is a professional burglar.* Look at all the property that was taken. There had to be somebody else involved. No one himself could carry all that away. Look at all of it. Chain saw, three guns, jewelry. There honestly had to be somebody involved and it was Mr. Kincade. *The guy is a professional burglar.* He knows what he's doing. He wears gloves, does it during the day when no one else is around. He knows what he's doing and it takes somebody like you people to say, "Hey, no way, we're not going to let this guy out in our community to burglarize any more houses." Don't cut this man loose. He did it, the witness said he did it. He did it. He did it. He did it. He did it. Look at him over there. He knows what he's doing. *There's been all kinds of burglaries around this county. He's gone out, he hits houses out in the county, he wears gloves, hits them during the day.* He knows what he's doing. (emphasis added.)

Upon objection to the prosecutor's comments, the trial judge ordered proceedings in chambers to argue the objection. After resuming proceedings in the presence of the jury, the trial judge gave the following curative instruction:

> Ladies and Gentlemen, I'm going to admonish you on something. To admonish means that you are supposed to listen to me and do what I tell you. There's a question about what the Commonwealth Attorney argued there, and if that gave you an inference that there were other charges—that this man was charged with other burglaries, don't consider it that way. After going back, we concluded that he did not mean it in that light, so you are not to consider that. This man is being tried for this offense, that's all. So, I'm going to ask you to disregard whatever he said. Of course, he's talking about burglarizing houses, but it wasn't intended to mean that he was involved in other burglaries. Okay? Thank you.

The instruction as to what the prosecutor intended is clearly at odds with what the prosecutor said.

■ To grant relief in such cases as this, we must find that the prosecutor's

comments constituted more than simply trial error under state law. The misconduct must be "so fundamentally unfair as to deny him due process," *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), based on "the totality of the circumstances" of the case, taking into account

> the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Angel v. Overberg,* 682 F.2d 605, 608 (6th Cir.1982) *(en banc)* (quoting from *United States v. Leon,* 534 F.2d 667, 677 (6th Cir.1976)).

■ Given the fact that the defendant was charged with only one burglary, the remarks were prejudicial because they told the jury that the defendant had committed numerous other burglaries in the county. A criminal defendant is entitled to be tried on the charges contained in the indictment and only on those charges. *United States v. Reliford,* 58 F.3d 247, 251 (6th Cir.1995). The remarks, although they all came within a short period of time, were extensive. In the paragraph quoted above, the prosecutor twice referred to Kincade as a "professional burglar," reminded the jury that "there's been all kinds of burglaries around this county," and told the jurors that "he's gone out, he hits houses out in the county, he wears gloves, hits them during the day. He knows what he's doing."

The trial judge indicated that he perceived the remarks to be extensive and prejudicial:

> You cannot argue or bring before that jury the fact that he's been charged with other crimes. I let you get by with calling him a professional burglar four or five times, but when you started the second round on that, you went too far ... But I tell you this, when it's all over, if they lay it on him, I'm going to go back and have that typed up, and then I may have to do something about it, I don't know. You're not supposed to say that they are not supposed to come out here and burglarize houses in this county, from Louisville or other places.

The remarks were made deliberately. Any prosecutor should know that he has stepped far over the line when he makes this type of closing argument. It is the type of conduct by a lawyer that the law should not let go but should seek to deter.

The evidence against the defendant was not strong. Thompson had pled guilty to the crime without implicating the defendant. The sole witness against the defendant was Burgin, who struck a deal with the government to drop nine other burglary charges against him for testifying against Kincade. His credibility was called into question by Detective Owen whose testimony recounted a prior inconsistent statement by Burgin.

For the foregoing reasons, we REVERSE the decision of the district court and remand with instructions to grant the writ, allowing the state a reasonable time to retry the case.